Richard A. Lee, OSB #842719
Carl E. Forsberg, OSB #112528
Forsberg & Umlauf, P.S.
901 Fifth Ave., Suite 1400
Seattle, WA  98164
Phone:  (206) 689-8500
rlee@foum.law
cforsberg@foum.law
*Attorneys for Plaintiff Transportation Insurance Company*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| TRANSPORTATION INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA; PACIFIC EMPLOYERS INSURANCE COMPANY; and ACME TRADING & SUPPLY COMPANY,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES** |

## I. THE PARTIES

1. Plaintiff Transportation Insurance Company ("Transportation") is an Illinois insurance company with its headquarters in Chicago, Illinois.

2. Defendant Central National Insurance Company of Omaha ("Central National") is an insurance company organized under the laws of Nebraska, with its principal place of business in Omaha, Nebraska.

3. Defendant Pacific Employers Insurance Company ("Pacific") is an insurance company organized under the laws of Pennsylvania with its principal place of business in

Complaint for Damages – 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4880-7540-7768, v. 1

Philadelphia, Pennsylvania.

4. Defendant Acme Trading & Supply Company ("Acme") is an Oregon corporation with its principal place of business in Oregon.

5. In 1983, Acme became a wholly owned subsidiary of Manufacturing Management, Inc. In turn, Schnitzer Steel Industries Inc., now known as Radius Recycling, owned Manufacturing Management, Inc.

6. In 1995, Manufacturing Management, Inc. sold Acme to Calbag Metals Co.

## II. JURISDICTION AND VENUE

7. There is complete diversity of citizenship of the parties because Transportation is not a citizen of the same states as Pacific, Central, and Acme.

8. The amount in controversy exceeds $75,000.

9. This court has jurisdiction pursuant to 28 USC 1332 (a)(1).

10. Venue in this District is appropriate because a substantial part of the events or omissions giving rise to the claim took place in Oregon.

## III. INSURANCE POLICIES

11. Transportation issued the following insurance policies (collectively referred to as the "Transportation Policies") that insured Acme pursuant to the terms and conditions of those policies:

    a. Transportation issued primary commercial liability insurance policy TBP 007 96 15 51 for the period of October 1, 1979 to October 1, 1982, to General Metals and other additional named insureds. Acme was added as an additional named insured to this policy effective March 31, 1981. This policy was canceled on October 1, 1981.

    b. Transportation issued primary commercial liability insurance policy TBP

Complaint for Damages – 2

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

4880-7540-7768, v. 1

02 9028 414 for the period of October 1, 1981 to October 1, 1984 to General Metals and other additional named insureds. Acme was an additional named insured under this policy.

  c. Transportation issued primary commercial liability insurance policy TCP 60 238 76 25 for the period of October 1, 1984 to October, 1985 to General Metals and other additional named insureds. Acme was an additional named insured under this policy.

12. Pacific issued excess insurance policy No. XMO 00 56 96 to Acme effective March 31, 1981 to October 1, 1981.

13. Central National issued Policy No. CNU 00 82 76 to Acme, which after extensions, was for the period of October 1, 1981 to October 1, 1984.

### IV. THE CLAIMS AGAINST ACME

14. In 1999, the Oregon Department of Environmental Quality (DEQ) asked Calbag, Acme's owner, to perform a voluntary preliminary assessment for hazardous substance contamination. (The DEQ Claim).

15. The DEQ claim was tendered to Transportation in 2000.

16. In 2009, the United States Environmental Protection Agency (EPA) designated Acme as a potentially responsible party for the cleanup of the Portland Harbor Superfund Site. (The EPA claim).

17. Acme tendered the EPA claim to Transportation in 2010.

### V. THE CLAIMS BY PACIFIC, CENTRAL NATIONAL, ACME AND TRANSPORTATION

18. The Transportation policies have aggregate limits which apply to the DEQ claim and the EPA claim.

19. Transportation has made many payments over the years on behalf of insureds other

Complaint for Damages – 3

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

4880-7540-7768, v. 1

than Acme. (These payments are referred to as the "historical payments"). These historical payments have reduced the aggregate limits that might be available to Acme for the DEQ Claim and the EPA claim.

20. Acme has asked Transportation to make payments on its behalf on the DEQ claim which would also reduce the aggregate limits that would be available to Acme for the DEQ Claim and the EPA Claim.

21. Transportation asserts that these historical payments, coupled with the payments that Acme is currently demanding Transportation make on its behalf, have reduced the aggregate limits of the Transportation Policies, perhaps to the point where there is no coverage available for the DEQ Claim and the EPA Claim under one or more of the Transportation policies.

22. When the aggregate limits of the Transportation Policies are reduced to zero, Transportation will no longer have any duty to defend Acme from, or to indemnify Acme for, the DEQ Claim and the EPA Claim. At that point, Acme will be required to defend itself from the DEQ Claim and the EPA Claim or Central National or Pacific will be obliged to defend Acme from, and indemnify Acme for, the DEQ Claim and the EPA Claim.

23. The extent to which the aggregate limits of the Transportation Policies have been reduced will impact the time and extent to which Central National and Pacific will be obliged to indemnify Acme for the DEQ Claim and the EPA Claim.

24. Central, Pacific, and Acme all contend there has been no reduction of the aggregate limits of the Transportation policies.

## VI.  CLAIM FOR RELIEF

25. As set forth above, the extent to which the historical payments have reduced the aggregate policy limits of any one of the Transportation Policies is a subject of controversy and

Complaint for Damages – 4

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

4880-7540-7768, v. 1

dispute among the parties.

26. This dispute over the extent to which the aggregate limits of the Transportation Policies have been reduced interferes with and will continue to interfere with the parties determination as to when the duty of one party ends and the duty of another begins.

27. The court's resolution of the extent of the reduction of the aggregate limits of the Transportation Policies will aid the parties in fulfilling their duties without breaching those duties and causing harm to the other parties.

28. There is an actual and justiciable controversy among the parties concerning their duties to each other.

29. Transportation seeks a declaration by the court determining the extent to which the aggregate limits of the Transportation Policies have been reduced.

WHEREFORE, Transportation prayers for a declaration from the court determining the extent to which the aggregate limits of the Transportation Policies have been reduced and any such other relief that the court determines is appropriate.

Dated this 2nd day of April, 2024.

        *s/ Richard A. Lee*
        Richard A. Lee, OSB #842719

        *s/ Carl E. Forsberg*
        Carl E. Forsberg, OSB #112528
        Forsberg & Umlauf, P.S.
        901 Fifth Ave., Suite 1400
        Seattle, WA  98164
        Phone: (206) 689-8500
        rlee@foum.law
        cforsberg@foum.law
        *Attorneys for Plaintiff Transportation Insurance Company*

Complaint for Damages – 5

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4880-7540-7768, v. 1